*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | ) Case No. 17-27397-E-13 |
| | ) |
| GEVORG GEORGE POLADYAN and ARMINE ASATRYAN, | ) |
| | ) |
| Debtors. | ) |
| | ) |
| | ) |
| GEVORG G. POLADYAN and ARMINE ASATRYAN, | ) Adv. Proc. No. 18-2130 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| TAPAN TRIVEDI, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**This Supplemental Memorandum Decision is not appropriate for publication. It may be cited for persuasive value on the matters addressed.**

**SUPPLEMENTAL MEMORANDUM OPINION AND DECISION**

The trials in Adversary Proceedings 18-2130 and 18-2014 were concluded with the court stating its Findings of Fact and Conclusions of Law orally on the record. Fed. R. Civ. P. 52(a), Fed. R. Bankr. P. 7052. The trials for the two Adversary Proceedings were jointly conducted due to the necessary determination of facts and conclusions of law that are common to both Adversary Proceedings. This Supplemental Memorandum is issued to document the Undisputed Facts as agreed by the Parties and clearly state the burden of proof/persuasion standards for the two Adversary Proceedings, and is made as part of the court's Findings and Conclusions.

1    The Parties have documented the undisputed facts in their Statement of Undisputed Facts

2 filed in Adversary Proceeding 18-2130 on July 22, 2019 (Dckt. 68), a copy of which is attached

3 hereto as Addendum "A."

4    Adversary Proceeding 19-2130 was one commenced by Gevorg Poladyan and Armine

5 Asatryan, the two Debtors in the Chapter 13 case No. 17-27397 ("Debtors"), objecting to the claim

6 filed by Tapan Trivedi, the predecessor in interest to Judith Ambrus and Emeric Ambrus

7 ("Creditors"), who were substituted in as the real parties in interest for the trial. Judith Ambrus and

8 Emeric Ambrus were asserting in Adversary Proceeding 18-2014 that the obligation represented by

9 their claim was nondischargeable.

10    For the claim asserted in Proof of Claim No. 1-1, the *prima facie* evidentiary value of Proof

11 of Claim No. 1-1 was rebutted by the two Debtors, placing the burden of proof on Creditors to

12 establish the claim by a preponderance of the evidence, as well as the alleged grounds for

13 nondischargeability of the asserted claim. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d

14 1035, 1039 (9th Cir. 2000); *Grogan v. Garner*, 498 U.S. 279, 289-291 (1991).

15    As stated on the record, the court determined that Creditors failed to establish there was an

16 obligation owed upon which a claim could be asserted and for which an obligation could be

17 determined nondischargeable.

18    Judgment has been granted for Debtors in both Adversary Proceedings and against Creditors

19 on all claims therein. Separate judgments are entered by the court for each Adversary Proceeding.

20 **Dated:** September 16, 2019                    **By the Court**

21

22

23 _____

24 Ronald H. Sargis, Judge
   United States Bankruptcy Court

25

26

27

28

2

# ADDENDUM "A"

**4**
Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive #127
Sacramento, California  95831
Telephone:  916-392-6591
Facsimile:  916-392-6590

Attorney for Creditor,
Tapan Trivedi, Administrator
of the Estate of Ortansa
Ambrus-Cernat

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

| | |
|---|---|
| IN THE MATTER OF | CASE NO.  17-27397-D-7 |
| GEVORG G. POLADYAN,<br>ARMINE ASATRYAN, | ADV. NO.  18-02130 |
| _____ DEBTORS, _____/ | |
| GEVORG G. POLADYAN<br>ARMINE ASATRYAN | DATE: AUGUST 5, 2019<br>TIME: 10:00 A.M.<br>DEPT: E – COURTROOM 33<br>HONORABLE JUDGE SARGIS |
| PLAINTIFFS<br>v. | |
| TAPAN TRIVEDI,<br>ADMINISTRATOR FOR THE<br>ESTATE OF ORTANSA<br>AMBRUS-CERNAT | |
| _____ DEFENDANT. _____/ | **JOINT STATEMENT<br>OF UNDISPUTED FACTS** |

Plaintiff, Gevorg G. Poladyan and Armine Asatryan,

(hereinafter "Plaintiffs" or "Debtors") and Defendant, Tapan

trivedi, Administrator for the Estate of Ortansa Ambrus-Cernat

(hereinafter "Defendant"), by and through their respective

undersigned attorneys hereby submit this joint statement of

undisputed facts.

| | UNDISPUTED MATERIAL FACT | STIPULATED |
|---|---|---|
| 1. | Plaintiffs, Gevorg G. Poladyan and Armine Asatryan ("Plaintiffs" or "Debtors") are the debtors in the underlying Chapter 13 case, case number 17-27397-D-7. | Yes |
| 2. | Plaintiffs are, and have been, married to each other since 2008. | NO |
| 3. | Defendant, the Estate of Ortansa Ambrus-Cernat ("Defendant") is the purported creditor in the underlying Chapter 13 case. | NO |
| 4. | Ortansa Ambrus-Cernat ("Ortansa"), now deceased, was born 1/14/48, and exceeded the age of 65 years in 2008. | NO |
| 5. | Tapan Trivedi was the Administrator of the estate of Ortansa Ambrus-Cernat, for which Ortansa's daughter, Judith D. Ambrus, is a beneficiary. | NO |
| 6. | Emeric Ambrus is Ortansa's ex-husband. | Yes |
| 7. | Plaintiffs were owners of certain real property commonly known as 2242 Palmwood Court, Rancho Cordova, CA., subject to a 1st Deed of Trust ("Palmwood Property"). | Yes |
| 8. | In 2008 Plaintiffs were behind on the mortgage for the Palmwood Property and were facing foreclosure. | Yes |
| 9. | The Debtors were issued a Notice of Default as to Palmwood Property. | Yes |
| 10. | The Debtors were issued a Notice of Sale as to Palmwood Property. | Yes |
| 11. | Plaintiffs and Ortansa made an oral agreement ("Contract"). | No |
| 12. | The contract was as follows:<br>(a) Defendant was to purchase Plaintiffs' Palmwood Property at the short sale by taking out a loan with Wells Fargo on her Oak Ave. property;<br>(b) Defendant was to allow Plaintiffs to remain living in the Palmwood Property;<br>(c) Plaintiffs were to make the Oak Ave. property loan payments to Wells Fargo;<br>(d) Defendant was to transfer Palmwood Property to Plaintiffs; and<br>(e) Plaintiffs would refinance the Palmwood Property to pay off the acquired Oak Ave. loan. | NO |

| No. | Statement | Answer |
|---|---|---|
| 13. | The Contract Debtors entered into with Ortansa held substantive terms in which Ortansa would borrow $180,000.00 on her home, buy Debtors' home at a short-sale, and sell it back to them when they qualified for a loan again, to which Debtors agreed, and Ortansa performed. | NO |
| 14. | Debtors' represented that if Ortansa saved Palmwood from foreclosure by buying it at a short-sale, and then transfer it to them, they would refinance the property and repay her. | NO |
| 15. | Ortansa reasonably relied on Debtors' representation to repay the loan from the Oak Ave. property, which was used to buy the Palmwood Property. | NO |
| 16. | Debtors agreed that after a sufficient time had passed they would refinance the Palmwood Property and repay Ortansa. | NO |
| 17. | Debtors' made a fraudulent statements and representations ("Representations") to Ortansa. | NO |
| 18. | These Representations were made from 4/30/11 through 2/2/12. | NO |
| 19. | The Representations were made directly to Ortansa by Debtors. | NO |
| 20. | Plaintiffs wrote Ortansa a handwritten letter, promising to "pay the loan as soon as possible." | Yes |
| 21. | Promises to make payments on this loan were witnessed by Ortansa 's daughter, Judith Ambrus. | |
| 22. | Plaintiffs promised to care for Ortansa's mentally-challenged son after her death. | |
| 23. | Plaintiffs signed a Grant Deed to Ortansa on 7/21/08. | Yes |
| 24. | On or about 8/8/08, Ortansa purchased the Palmwood Property from Plaintiffs at a short sale for $150,000.00, ~~with money from a loan on her Oak Ave. property~~. | Yes as modified |
| 25. | On 8/8/08, Debtor Armine Asatryan received a cashier's check for $15,962.76 from Ortansa for the purchase of the Palmwood Property in a short sale. | NO |
| 26. | The relationship between the Debtors and Ortansa was not disclosed to the Mortgage Company. | NO |
| 27. | The Documentary Transfer Tax on the sale from Plaintiffs' to Ortansa was $165.00. | Yes |

| | | | |
|---|---|---|---|
| 28. | Ortansa allowed the Plaintiffs to remain in the Palmwood Property, and carried residential insurance through State Farm, policy #55-BP-R539-9. | | Yes |
| 29. | After the short-sale closed, the Plaintiffs remained in the Palmwood Property, where they reside presently. | | Yes |
| 30. | Plaintiffs intended to repay Ortansa's mortgage payment after Ortansa transferred the Palmwood Property back into Plaintiffs' name. | | NO |
| 31. | Plaintiffs obtained a Seller's Permit for "IN N OUT HONDA" on 3/1/11. | | Yes |
| 32. | On or about 2/2/12 Ortansa signed a grant deed for the Palmwood Property to Debtor Armine Asatryan. | | Yes |
| 33. | The grant deed signed on 2/2/12 states that there was "No Concideration" and exemption from documentary transfer tax exemption under Revenue and Tax code section 11911, when filed with the recorded. | | Yes |
| 34. | On 10/1/12, Plaintiffs signed a written loan contract with Outsource Legal Support, LLC ("Outsource"), for $100,000.00 ("Outsource Note #1). | | Yes |
| 35. | Plaintiffs testified they "didn't use a bank" when asked "what bank did you put this $100,000.00 in?" at their 341 Meeting of Creditors 4/30/18.<br><br>*See transcript from recorded proceedings, 341 Meeting of Creditors, 4/30/18, pg. 12, lines 9-10.* | | Yes |
| 36. | Plaintiffs testified that they were not given the full $100,000.00 when they signed for the Outsource Note #1.<br><br>*See transcript from recorded proceedings, 341 Meeting of Creditors, 4/30/18, pg. 13, line 12.* | | Yes |
| 37. | Plaintiffs testified that instead of receiving the loan in a lump sum, they "borrowed the money a [every] month" and that "it came up to this amount."<br><br>*See transcript from recorded proceedings, 341 Meeting of Creditors, 4/30/18, pg. 12, lines 24-25.* | | Yes |

| 38. | Plaintiffs testified the money from Outsource Note #1 was "given to me little by little, three thousand, two thousand, five thousand." <br><br> *See transcript from recorded proceedings, 341 Meeting of Creditors, 4/30/18, pg. 12, lines 14-17.* | Yes |
|---|---|---|
| 39. | Plaintiffs testified "Yes, sir," when asked "So he gave you cash?" <br><br> *See transcript from recorded proceedings, 341 Meeting of Creditors, 4/30/18, pg. 12, lines 21-22.* | Yes |
| 40. | Plaintiffs testified "Yes," when asked "and you went and bought money orders for cash?" <br><br> *See transcript from recorded proceedings, 341 Meeting of Creditors, 4/30/18, pg. 12, lines 23-24.* | Yes |
| 41. | Plaintiffs testified "Like we said, we didn't put anything in a bank." <br><br> *See transcript from recorded proceedings, 341 Meeting of Creditors, 4/30/18, pg. 19, lines 11-12.* | Yes |
| 42. | In response to: "And she agreed with you guys to buy the house so that you wouldn't lose your house, right?", the Plaintiffs testified "Well, she – bought it because she had – she had – she had money. She could afford it. And it was a short sale, it was a cheap house, and she bought it." <br><br> *See transcript from recorded proceedings, 341 Meeting of Creditors, 4/30/18, pg. 24, lines 7-13.* | Yes |
| 43. | Plaintiffs entered into a Loan Agreement, dated 4/1/13, in the amount of $80,000.00, from Outsource Legal Support, LLC (Outsource Note #2). | Yes |
| 44. | On 3/1/14, Plaintiffs breached the agreement by failing to make payments on the Oak Ave. property. | NO |
| 45. | On 4/14/14, Plaintiff Armine Asatryan signed an Agreement to Transfer Funds, that stated "the proceeds from the refinanced loan on 2242 Palmwood Ct., Rancho Cordova, CA will be assigned during the escrow process to payoff the loan on the property 6005 Oak Ave., Carmichael, CA." | NO |
| 46. | On 5/6/14 Ortansa passed away from cancer. | Yes |

| | | | |
|---|---|---|---|
| 1 2 3 | 47. | On or about 9/16/14, Plaintiffs obtained a 1st Deed of Trust with Pinnacle Capital Mortgage Corporation in the amount of $50,000.00, secured by the Palmwood Property. | Yes |
| 4 5 | 48. | Plaintiffs did not disclose Outsource Note #1 or Note #2 to Pinnacle Capital Mortgage Corporation before obtaining the $50,000.00 loan. | Yes |
| 6 7 | 49. | The funds Plaintiffs received from the 1st Deed of Trust with Pinnacle Capital Mortgage Corporation were not paid to Defendant. | Yes |
| 8 9 | 50. | On 11/18/14, the Plaintiffs' mortgage for the Palmwood Property purchase was held by Wells Fargo Home Mortgage. | Yes |
| 10 11 | 51. | On 12/16/15, Defendant filed a civil action in Sacramento Superior Court against Debtors for breach of contract, damages, and attorney fees, Case #34-2015-00188010 ("Civil Action"). | Yes |
| 12 13 14 | 52. | Gevorg Poladyan and Armine Asatryan's Answer to the Civil Action was filed on or about 3/30/16, and never asserted the transfer was a gift. | Unknown Never saw Answer |
| 15 16 17 | 53. | Outsource Legal Support, LLC recorded two (2) Deeds of Trust on 9/5/17 for $100,000.00 and $80,000.00, and thereafter a UCC-1 Financial Statement with the Secretary of State of California. | Yes |
| 18 | 54. | Plaintiffs filed a petition for relief under Chapter 7 of the Bankruptcy Code on 11/8/17. | Yes |
| 19 20 | 55. | Judith D. Ambrus has personal knowledge of Ortansa making the loan to Debtors, and that Debtors were making payments on the loan. | NO |
| 21 | 56. | Outsource office is located at 1367 Garden Hwy., Unit 200, Sacramento, CA 95833. | Yes |
| 22 23 24 | 57. | Friedman Law Firm, which is located at 1395 Garden Hwy., Unit #200, Sacramento, CA 95833, was Attorney Gabriel Lieberman's office location when the case was filed, and who was the attorney of record. | NO |
| 25 26 | 58. | Both parties admit jurisdiction for this Adversary Proceeding exists pursuant to 28 U.S.C. 1334 and 157. | NO |
| 27 28 | 59. | Both parties admit this is a core proceeding pursuant to 28 U.S.C. 157(b)(2), and to the extent any matter is non-core, consents to the bankruptcy judge issuing all final orders and judgments in this Adversary proceeding. | Yes |

Respectfully submitted,


Dated: 5/15/19                              /s/Peter G. Macaluso
                                           Peter G. Macaluso,
                                           Attorney for Defendant



Dated:                                     Peter Cianchetta,
                                           Attorney for Plaintiffs

1

2

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

3

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated
document transmitted herewith *to the parties below*. The Clerk of Court will send the document

4

via the BNC or, if checked _____, via the U.S. mail.

5

| Debtors / Plaintiff-Debtors | Attorney for the Debtors |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| Peter G. Macaluso, Esq.<br>7230 South Land Park Drive, #127<br>Sacramento, CA 95831 | Peter L. Cianchetta, Esq.<br>8788 Elk Grove Blvd., Ste. 2A<br>Elk Grove, CA 95624 |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28